UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRE HENRY

                Petitioner,                Case Number: 12-CV-11965

v.                                           HON. GEORGE CARAM STEEH

STEVEN RIVARD,

                Respondent.

_____/

### ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS CORPUS PROCEEDING IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

Petitioner Deandre Henry filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for carjacking, assault with intent to commit great bodily harm less than murder, and armed robbery. Now before the Court is Petitioner's Motion to Hold Habeas Corpus Proceeding in Abeyance.

### I. BACKGROUND

Petitioner was convicted by a jury in Wayne County Circuit Court of assault with intent to murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony. He was sentenced, as a fourth habitual offender, to 30 to 60 years' in prison for the assault with intent to murder conviction, two to five years in prison for the felon-in-possession conviction, and two years' in prison for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, claiming he received ineffective assistance of counsel. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Henry*, No. 274096, 2008 WL 108987 (Mich. Ct. App. Jan. 10, 2008).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court, raising the same claim raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Henry,* 481 Mich. 878 (Mich. May 27, 2008).

Petitioner then filed a motion for relief from judgment in the trial court. The trial court denied that motion on November 2, 2009. *People v. Henry*, No. 06-007508-01 (Wayne County Cir. Ct. Nov. 2, 2009). Petitioner sought leave to appeal the denial in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. *People v. Henry*, No. 300874 (Mich. Ct. App. Mar. 26, 2012); *People v. Henry*, 491 Mich. 885 (Mich. Mar. 26, 2012).

Petitioner then filed the pending habeas petition. He raises these claims:

I. Newly discovered evidence establishes Petitioner's actual innocence.

II. Petitioner was denied the effective assistance of trial counsel for multiple reasons.

III. Petitioner was denied the effective assistance of appellate counsel for failure to raise meritorious issues on appeal, effectively leaving Petitioner without counsel.

IV. Petitioner was constructively denied any counsel at all at his preliminary examination because his court-appointed attorney was appointed the same day as the hearing and had no time to properly discuss the case with Petitioner or prepare for the hearing.

## II. DISCUSSION

Petitioner asks the court to stay proceedings in this matter so that he may exhaust unexhausted claims in state court. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). At least some of the claims Petitioner seeks to exhaust in state court appear to be based upon purportedly newly discovered evidence. A federal court may stay a federal

habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In this case, the outright dismissal of the petition, even without prejudice, may preclude future consideration of Petitioner's claims in this court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2241(d)(1). Staying a habeas corpus proceeding is appropriate where a second exhausted habeas petition may be time-barred by the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). The Court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition.

The Supreme Court did not define "good cause" in *Rhines*, nor has the Sixth Circuit Court of Appeals done so. *See Bates v. Knab*, No. 2:10-CV-420, 2011 WL 2785244, at *5 (S.D. Ohio July 15, 2011) (citing *Hnatiuk v. Trombley*, No. 06-13880, 2008 WL 3305157 (E.D. Mich. Aug. 11, 2008)). A number of federal courts have concluded that the *Rhines* good-cause requirement is less stringent than the good-cause showing required in the context of procedural default. *See Lockridge v. Ludwick*, No. 09-10145, 2009 WL 5217592, at *3 (E.D. Mich. Dec. 28, 2009) (holding that "good cause under *Rhines* is something less than the cause needed to excuse a procedural default"); *Bryant v. Greiner*, No. 02Civ.6121(RMB)(RLE), 2006 WL 1675938, at *5 (S.D.N.Y. June 15, 2006) (same); *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand, applying a more expansive definition of "good cause" than the

showing needed for cause to excuse a procedural default); *see also Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005) (holding that "good cause" standard prescribed in *Rhines* does not require a showing of "extraordinary circumstances").

Petitioner states that his unexhausted claims were not presented in state court because the factual basis for these claims is newly discovered and his appellate attorney was ineffective. Courts have found the "good cause" standard satisfied where unexhausted claims are based on recently discovered evidence. *See Midgett v. Curtin*, No. 09-cv-13654, 2010 WL 457459, at *1 (E.D. Mich. Feb. 8, 2010) (holding petitioner's contention that unexhausted claims were not presented in state court because they were newly discovered sufficient to satisfy *Rhines* "good cause" requirement); *Reed v. Wolfenbarger*, No. 08-11045, 2009 WL 3059135, at *3 (E.D. Mich. Sept. 21, 2009) (same); *Henderson v. Bell*, No. 07-14712, 2009 WL 1923527, at *1 (E.D. Mich. July 1, 2009) (same); *Leonardos v. Buddress*, No. C 06-07769 JSW, 2007 WL 1174825, at *3 (N.D. Cal. Apr.19, 2007) (granting stay and finding "good cause" under *Rhines*, in part, because petitioner's unexhausted claims were based on recently discovered evidence and "newly discovered evidence weighs in favor of finding good cause"); *Lugo v. Kirkland*, No. C 05-0580 JF, 2006 WL 449130, at *4 (N.D. Cal. Feb. 22, 2006) (granting stay of petition under *Rhines*, in part where petitioner demonstrated "good cause" by showing that new claims were discovered after state appeal process concluded and petitioner had filed federal petition).

Petitioner does not explain why his newly-discovered evidence could not, through the exercise of due diligence, have been discovered sooner. However, on consideration of a motion for stay, federal courts seldom address the strength of a petitioner's claim that evidence is newly discovered or that it could not have been discovered sooner. The Sixth Circuit Court of Appeals

has held that a federal court should "exercise caution" in concluding that a claim would be barred by a state procedural rule, such as the ban on successive motions for relief from judgment, where the state court has not had the "opportunity to pass on the question themselves." *Banks v. Jackson*, 149 F. App'x 414, 418 (6th Cir. 2005). Instead, where it is "at least debatable whether the Michigan courts would entertain" a claim on a second or successive motion for relief from judgment, the federal court should allow the state court to consider the question first. *Id.*

In order to obtain permission to file a successive motion for relief from judgment, Petitioner must show his claims of new evidence were not discovered prior to the filing of his first motion for relief from judgment. In this case, the inquiry into when the new evidence was discovered by Petitioner likely will require some factual development and it is at least debatable whether the Michigan courts would entertain these claims. Therefore, they are best addressed first by the state court. The Court concludes that Petitioner's claim of newly-discovered evidence is sufficient to satisfy the *Rhines* good cause requirement. The Court makes no finding whether the evidence is newly discovered, could have been previously discovered through the exercise of due diligence, or qualifies as "evidence" under Michigan law.

The Court also must determine whether Petitioner's unexhausted claims are "plainly meritless." In *Rhines*, the Supreme Court did not establish a standard for determining whether a petitioner's claims are "plainly meritless." Most courts applying the standard do so in conclusory fashion without weighing or even considering the evidence. *See Anthony v. Palmer*, No. 10-CV-13312, 2011 WL 1532162, at *2 (E.D. Mich. Apr. 22, 2011) (granting stay under *Rhines* and holding that unexhausted claims are potentially meritorious with no analysis of merits of the claims); *Wengorovius v. Scutt*, No. 09-CV-13228, 2009 WL 2849577, at *3 (E.D.

Mich. Sept. 1, 2009) (granting stay and determining that unexhausted claims are not "plainly meritless" based upon an "initial review of the substance of the unexhausted issues" with no further discussion or analysis); *Wright v. Trombley*, No. 07-CV-10965, 2007 WL 4181316, at *3 (E.D. Mich. Nov. 27, 2007) (same); *see also Woodson v. Smith*, No. 5:08CV2779, 2010 WL 3781579, at *4 (N.D. Ohio Sept. 23, 2010) (holding, without further discussion, that petitioner's "claims are potentially meritorious in that none of his claims are plainly without merit"); *Cueto v. McNeil*, No. 08-22655-CIV, 2010 WL 1258065, at *16 (S.D. Fla. Mar. 12, 2010) (collecting cases).  In *Bartelli v. Wynder*, No. Civ.A. 04-CV-3817, 2005 WL 1155750, at *2 (E.D. Pa. May 12, 2005), the court held that a petitioner's unexhausted claims were not plainly meritless because they alleged a violation of petitioner's constitutional rights that could serve as grounds for granting a writ of habeas corpus if supported by sufficient facts.  The claims Petitioner seeks to exhaust may serve as grounds for granting a writ of habeas corpus.  Thus, Petitioner's claims, if supported by sufficient evidence, are not plainly meritless.

      Finally, Petitioner does not appear to be engaging in intentionally dilatory litigation tactics.  Therefore, the Court will stay further proceedings in this matter pending exhaustion of the unexhausted claims.

      The court notes that Michigan Court Rule 6.502(G)(1) generally permits a defendant to file only one motion for relief from judgment.  Petitioner already has filed a motion for relief from judgment.  However, Michigan Court Rule 6.502(G)(2) permits a defendant to file a successive motion for relief from judgment under certain, limited circumstances, including when the defendant asserts a claim of newly discovered evidence.  Therefore, it appears that an avenue for exhaustion remains available to Petitioner in state court.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state-court remedies, the court will impose upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this order. *See id.* Further, he must ask this court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation marks omitted).

## II. CONCLUSION

Accordingly, IT IS ORDERED that Petitioner's "Motion to Hold Habeas Petition in Abeyance" (dkt. # 13) is GRANTED. Petitioner shall file a motion for relief from judgment in state court within sixty days from the date of this order and a motion to lift the stay and amended petition in this court within sixty days after the conclusion of the state court proceedings.

IT IS FURTHER ORDERED that, to avoid administrative difficulties, the clerk of court is DIRECTED TO CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the clerk to reopen this case for statistical purposes.

Dated: May 6, 2013

                                                    s/George Caram Steeh
                                                    GEORGE CARAM STEEH
                                                    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 6, 2013, by electronic and/or ordinary mail and also on Deandre Henry #348806, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880.

s/Barbara Radke
Deputy Clerk