UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRE HENRY,

        Petitioner,　　　　　　　　　Case Number: 2:12-CV-11965
　　　　　　　　　　　　　　　　　　　　　　　HON. GEORGE CARAM STEEH

v.

STEVE RIVARD,

        Respondent.
_____/

### OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE

Petitioner Deandre Henry, a Michigan state prisoner currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He challenges his convictions for carjacking, assault with intent to commit great bodily harm less than murder, and armed robbery.  Now before the Court is Petitioner's Motion for Stay of Proceedings.  The Court grants the motion and administratively closes this matter.

Petitioner seeks a stay to allow him to raise a claim in state court related to the Michigan Supreme Court's decision in *People v. Lockridge*, 498 Mich. 358 (2015).  A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  The exhaustion doctrine requires prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition.  28 U.S.C. § 2254(b)(1)(A) & (c); *O'Sullivan*, 526 U.S. at 844.  To properly exhaust state court remedies, a prisoner must invoke one complete round

-1-

of the state's established appellate review process, including a petition for discretionary review to a state supreme court, which, in Michigan, means a petitioner must present each ground to both Michigan appellate courts before seeking federal habeas relief. *See O'Sullivan*, 526 U.S. at 845. The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994), citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950).

Petitioner concedes that he has not yet raised his *Lockridge*-related claims in state court. A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (recognizing court's discretion to stay and establishing criteria for stay). A stay may be granted when the petitioner has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278 (*citing Rose v. Lundy*, 455 U.S. 509, 522 (1982)).

The Court finds that a stay is warranted in this case. First, the dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). Second, the Court finds that Petitioner has good cause for failing exhaust his claims because the *Lockridge* case was decided after he filed his petition. Third, the *Lockridge*-related claims do not appear to be plainly meritless. Fourth, there is no evidence of intentional delay. Under these circumstances, the Court concludes it is not an abuse of discretion to stay this case while Petitioner pursues state remedies for his unexhausted claims.

Accordingly, the Court GRANTS Petitioner's "Motion to Stay Proceedings and Hold Petition in Abeyance" (ECF No. 24).

The stay is conditioned on Petitioner presenting the unexhausted claims to the state courts within **60 days** of the filing date of this order by filing a motion for relief from judgment with the state trial court. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure for staying habeas proceeding pending exhaustion of state court remedies). The stay is further conditioned on Petitioner's return to this Court, by the filing of a motion to reopen and amend the petition, using the same caption and case number included at the top of this Order, within **60 days** of fully exhausting his state court remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with any of these conditions, the Petition may be dismissed. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (holding that dismissal of a habeas petition is appropriate where a petitioner has failed to comply with the terms of a stay). This case is **CLOSED** for administrative purposes pending compliance with the conditions set forth in this Order.

**SO ORDERED**.

Dated: April 14, 2016

              s/George Caram Steeh
              GEORGE CARAM STEEH
              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 14, 2016, by electronic and/or ordinary mail and also on Deandre Henry #348806, Kinross Correctional Facility, 4533 W. Industrial Park Drive, Kincheloe, MI 49786.

s/Barbara Radke
Deputy Clerk