UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRE HENRY,

        Petitioner,

                              Case Number: 2:12-CV-11965
v.                                 HON. GEORGE CARAM STEEH

STEVE RIVARD,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S
## MOTION TO STAY PROCEEDINGS (ECF NO. 38)

Petitioner Deandre Henry, currently in the custody of the Michigan Department of Corrections, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Petitioner's Motion to Stay Proceedings. The Court finds that Petitioner has failed to satisfy the standard for granting a stay and denies the motion.

### I. Background

Petitioner was convicted by a jury in Wayne County Circuit Court of assault with intent to murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony. His convictions were affirmed on direct appeal. *People v. Henry*, No. 274096, 2008 WL

-1-

108987 (Mich. Ct. App. Jan. 10, 2008); *People v. Henry*, 481 Mich. 878 (Mich. May 27, 2008).

The trial court denied Petitioner's motion for collateral review on November 2, 2009. *People v. Henry*, No. 06-007508-01 (Wayne County Cir. Ct. Nov. 2, 2009). The Michigan Court of Appeals and Michigan Supreme Court denied Petitioner's applications for leave to appeal. *See People v. Henry*, No. 300874 (Mich. Ct. App. Mar. 26, 2012); *People v. Henry*, 491 Mich. 885 (Mich. Mar. 26, 2012).

On May 1, 2012, Petitioner filed a habeas corpus petition in this Court. (ECF No. 1.) Respondent filed an answer in opposition on September 6, 2012. (ECF No. 10.) Petitioner later moved for a stay of the habeas proceeding to allow him to raise an additional unexhausted claim in state court. (ECF No. 13.) The Court granted the motion and administratively closed the case. (ECF No. 14.) On October 20, 2014, Petitioner filed a motion to lift the stay and reinstate his petition. (ECF No. 15.) He also filed an amended petition. (ECF No. 16.) The Court lifted the stay and directed Respondent to file a responsive pleading. (ECF No. 18.) Respondent filed an answer in opposition to the amended petition. (ECF No. 19.)

Petitioner requested a second stay in 2016 to allow him to exhaust a claim in state court based upon the Michigan Supreme Court's decision in *People v. Lockridge*, 498 Mich. 358 (2015). (ECF No. 24.) The Court granted the motion and administratively closed the case. (ECF No. 25.) On November 29, 2018, Petitioner moved to lift the stay and filed an amended petition. (ECF No. 26, 28.) The Court granted the motion and directed Respondent to file a response to the amended petition. (ECF No. 31.) A response was filed on January 13, 2020. (ECF No. 32.)

Petitioner then filed the pending motion to stay proceedings.

## II. Discussion

This is Petitioner's third request for a stay. Petitioner asks the Court to stay his case and hold the petition in abeyance while he exhausts state court remedies for a new claim. He states that, on November 12, 2019, he discovered new evidence which establishes his actual innocence. The new evidence is an affidavit of Keith Charleston. Petitioner has not filed a copy of the affidavit, but argues that the affidavit "alleges Mr. Charleston was at the car of victim Toby Adams when crime happened showing a clear mistaken identity." (ECF No. 38, PageID.1697.)

A federal district court has discretion to stay a habeas petition to

allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Petitioner seeks a stay so that he can exhaust state remedies for a new claim of actual innocence and then amend his habeas petition to include the new claim. But "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Because a freestanding claim of actual innocence does not state a ground for habeas relief, it would be futile for Petitioner to exhaust state remedies and then amend his habeas petition to raise a claim of actual innocence. The Court will deny the motion.

### III.  Conclusion

For the reasons set forth, the court DENIES Petitioner's Motion to Stay Proceedings. (ECF No. 38).

**SO ORDERED**.

Dated: March 19, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 19, 2021, by electronic and/or ordinary mail and also on Deandre Henry #348806, Carson City Correctional Facility, 10274 Boyer Road, Carson City, MI 48811.

s/B. Sauve
Deputy Clerk